# In the United States Court of Federal Claims

**NOT FOR PUBLICATION**

No. 26-345C
(Filed: March 13, 2026)

|  |  |
|---|---|
| **AARON C. MAZIE**, | ) |
|  | ) |
| *Plaintiff,* | ) |
|  | ) |
| v. | ) |
|  | ) |
| **UNITED STATES**, | ) |
|  | ) |
| *Defendant.* | ) |
|  | ) |

*Aaron C. Mazie*, Upper Darby, PA, pro se.

*Albert S. Iarossi*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant. With him on the brief were *Brett A. Shumate*, Assistant Attorney General, and *Patricia M. McCarthy*, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC.

## ORDER

On March 9, 2026, pro se plaintiff Aaron C. Mazie filed an application to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. ECF 13. While such applications are usually unopposed, this case is different. The government opposed Mr. Mazie's application, *see* ECF 16, correctly pointing out that the fee waiver Mr. Mazie seeks "is a privilege, not a right."[1] *Lopez v. United States*, 178 Fed. Cl. 335, 337 (2025) (first citing *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998); and then citing *Colida v. Panasonic Corp. of N. Am.*, 374 F. App'x 37, 38 (Fed. Cir. 2010) (per curiam)). Mr. Mazie has filed at least twenty-three other lawsuits in federal courts in just the last year, including three others in this Court that were all

---

[1] On March 10, 2026, Mr. Mazie filed a reply in further support of his IFP application (ECF 17) and, the next day, filed a "Motion Asserting Waiver, Estoppel, and Laches in Response to Defendant's Opposition to Motion to Proceed in Forma Pauperis" (ECF 18). Substantively, the latter is a supplement to the former rather than a standalone motion. The Court will have it characterized as such on the docket.

dismissed at the pleading stage. *See* ECF 16 at 8–9; *Mazie v. United States*, No. 25-1865 (Fed. Cl. Dec. 3, 2025), Dkt. No. 34, *aff'd*, No. 26-1230, 2026 WL 442994 (Fed. Cir. Feb. 17, 2026) (per curiam); *Mazie v. United States*, No. 25-2093 (Fed. Cl. Feb. 13, 2026), Dkt. No. 14; *Mazie v. United States*, No. 26-102 (Fed. Cl. Mar. 11, 2026), Dkt. No. 8. In litigation before the United States Court of Appeals for the Federal Circuit, Mr. Mazie filed a brief entirely in Latin, ECF 16 at 11–17, and the United States Court of Appeals for the Third Circuit "ha[s] been informed by the Clerk [of Court] that he has called the Clerk's Office and left voice mails that are aggressive and inappropriate[,]" *id.* at 19. Given these facts—which plaintiff does not dispute in his responsive filings—the Court will not grant plaintiff IFP status.[2] *See Lopez*, 178 Fed. Cl. at 337.

On March 9, 2026, plaintiff also filed a "Motion for Disposition on the Papers and Determination of Contractual Tender." ECF 14. This is, in substance, a motion for judgment on the pleadings pursuant to Rule 12(c) of the Rules of the United States Court of Federal Claims (RCFC). The motion is denied as premature because a motion for judgment on the pleadings may be filed only "[a]fter the pleadings are closed[] . . . ." RCFC 12(c). As the government has not yet filed an answer, the pleadings remain open.

For the foregoing reasons,

(1) Plaintiff's IFP application (ECF 13) is **DENIED**.

(2) The Clerk of Court is directed to **MODIFY** the docket entry at ECF 18 to indicate that that submission is a "Supplement to 17 Reply to Response to Motion re 13 Motion for Leave to Proceed in forma pauperis."

(3) Per the Court's March 5, March 6, and March 9, 2026 orders (ECF 7, 10, 12), the April 6, 2026 deadline for plaintiff to pay $405 in fees remains in effect, and failure to meet that deadline will result in dismissal of this action for failure to prosecute under RCFC 41(b).

(4) Plaintiff's "Motion for Disposition on the Papers and Determination of Contractual Tender" (ECF 14) is **DENIED** as premature.

---

[2] In response to the Court's repeated directive that Mr. Mazie either pay the required filing fees or file a completed IFP application (ECF 7, 10, 12), moreover, he first "presented" the Court with "gold-denominated private certificates and goldback [sic] instruments" and now submits a stack of fifty purported $1 million bills in novelty money featuring Dr. Martin Luther King, Jr. and a "Notice of Clarification Regarding Physical Documents Referenced in Defect Memo." These were properly rejected by the Clerk's Office as defective. *See* ECF 12 at 2 n.1 (citing U.S. CT. OF FED. CLAIMS, SCHEDULE OF FEES (July 28, 2025) ("All fees are payable to the Clerk, U.S. Court of Federal Claims, by cash, check, or money order.[] For cash payments, exact change is required.")).

(5) The Clerk of Court is directed to **REJECT** plaintiff's defective filings received on March 9 and 10, 2026.

(6) The Clerk of Court is directed to **RETURN** plaintiff's March 9, 2026 submission (American Art Classics Pack of 50—Martin Luther King Jr.—MLK Commemorative Million Dollar Bill) by certified mail to Mr. Mazie's record address.

It is so **ORDERED**.

s/ Armando O. Bonilla
Armando O. Bonilla
Judge